**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

CORDARELL LOCKETT,                                                                                      PLAINTIFF
ADC #141945

v.                                           1:15CV00063-DPM-JTK

JASON BAKER                                                                                             DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.       Why the record made before the Magistrate Judge is inadequate.

    2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.       The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.     Introduction

Plaintiff Cordarell Lockett is a state inmate incarcerated at the Grimes Unit of the Arkansas Department of Correction (ADC).  He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging excessive force by the Defendant on March 16, 2015 (Doc. No. 2).  Plaintiff asks for monetary and injunctive relief.

This matter is before the Court on Defendant's Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 16-18).  Plaintiff did not respond, and by Order dated February 4, 2016, this Court cautioned Plaintiff that his failure to respond to the Motion within fifteen days of the date of the Order would result in either all the facts set forth in the Motion being deemed admitted by him, or dismissal of the action, without prejudice, for failure to prosecute (Doc. No. 19).  As of this date, Plaintiff has not responded, or otherwise corresponded with the Court.

## II.    Complaint

Defendant Baker approached Plaintiff's cell on March 16, 2015, to pick up Plaintiff's food tray. (Doc. No. 2, p. 4) Plaintiff placed his hand through the food trap when Baker opened the trap and tried to push Plaintiff's tray back into the cell. (Id.) Baker then snatched the tray, slammed

Plaintiff's right hand in the trap, and punched Plaintiff's hand with his closed fist. (Id.) An x-ray taken following the incident was not related to the assault, but to Plaintiff's complaint about a finger and knuckle. (Id.)

### III.  Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

The Court initially agrees with Defendant that Plaintiff's monetary claims against him in his official capacity should be dismissed, pursuant to sovereign immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989).

Defendant also asks the Court to dismiss Plaintiff's claims against him in his individual capacity, based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

According to Defendant Baker's Declaration (Doc. No. 16-2), Plaintiff Lockett was incarcerated in the segregation area of the Unit at the time of the incident on March 16, 2015.[2] Defendant had worked in that area since approximately January, 2015, and was familiar with Plaintiff. (Id.) After an inmate finishes with a food tray and places the tray in the flap, he is supposed to stand in the back of the cell while the tray is collected and the food flap secured. (Id., p. 2) After Defendant Baker retrieved Plaintiff's tray and placed it on the cart, he started to secure the food flap when Plaintiff rushed to the door, reached through the flap, and grabbed Defendant's right arm. (Id.) Perceiving a threat from Plaintiff, Defendant jerked his arm away, and notified the shift supervisor. (Id.) Defendant denies that he closed or slammed Plaintiff's hand in the food flap or that he punched Plaintiff's hand. (Id.)

After Defendant reported the incident, the shift supervisor notified the medical department to evaluate Plaintiff for a claimed right hand injury. (Id.) At that time, Defendant left the area and prepared an incident report. (Id., Doc. No. 16-3) Photographs were taken of Plaintiff and the area of alleged injury, and a nurse evaluated Plaintiff at his cell door. (Id.) Plaintiff was charged with several disciplinary rules violations. (Id., pp. 2-3; Doc. No. 16-4)

Defendant also presents a statement of the nurse, Marie Petty, that she noted no new injuries after examining Plaintiff on March 16, 2015. (Doc. No. 16-5)  Plaintiff was again examined on March 21, 2015, for a complaint about the right knuckle on his right hand, which he stated was injured on the 16th when an officer closed the food flap on his hand. (Doc. No. 16-7) At that time, the nurse noted that the knuckle was larger than the others, but noted no swelling, redness or warmth, tenderness or discoloration. (Id.) The result of an x-ray taken on April 3, 2015, showed a normal

---

[2]Defendant also produces a copy of Plaintiff's Status Assignment Sheet, which indicates an extensive disciplinary history since arriving at the ADC in February, 2012 (Doc. No. 16-1).

right hand, with no fracture, dislocation, or appreciable soft tissue swelling. (Doc. No. 16-8) Finally, the photograph taken of Plaintiff's hand after the incident shows a larger knuckle on his right hand, but no evidence of redness, swelling, or sign of injury. (Doc. No. 16-9)

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendant, the Court hereby finds that the facts set forth by Defendant (Doc. No. 17) are undisputed for purposes of the Motion, and recommends that summary judgment be granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3). To support a claim of excessive force, Plaintiff must allege and prove that force was not applied in a good-faith effort to maintain or restore discipline, but rather, maliciously and sadistically to cause harm. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). While the absence of serious injury to the Plaintiff is relevant, it is one factor to consider in determining "whether the use of force could plausibly have been thought necessary," and might also indicate the amount of force applied. Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986). Finally, "an inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id. at 38 (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992).

In this particular case, Defendant's undisputed account of the incident is that he did not purposefully slam Plaintiff's hand in the food trap, but rather, quickly jerked his own hand away from Plaintiff after Plaintiff grabbed it. There is no evidence of an intent to cause harm, and there is no evidence that any harm occurred. Absent additional facts or evidence from Plaintiff to show otherwise, the Court finds that Defendant acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

**IV.	Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 16) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 24th day of February, 2016.

	JEROME T. KEARNEY
	UNITED STATES MAGISTRATE JUDGE